IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VLADIMIR VLADIMIROVICH BRIK,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

OPINION and ORDER

23-cv-478-jdp

---

Petitioner Vladimir Vladimirovic Brik, who is incarcerated in this District, seeks relief under 28 U.S.C. § 2241 following his conviction for conspiracy to distribute controlled substance analogues and money laundering conspiracy in the District of Minnesota. *See United States v. Brik*, 15-cr-78, Dkt. 375 and Dkt. 554. Brik contends that he has discovered new evidence showing that the analogues that he was indicted for conspiring to distribute were not substantially similar to a controlled substance, which allegedly would have been fatal to the government's case. Dkt. 2 at 1. I will treat the petition as a petition to vacate under 28 U.S.C. § 2255 and dismiss it for lack of jurisdiction.

After pleading guilty, Brik filed a direct appeal, which the Eighth Circuit dismissed pursuant to an appeal waiver. *See United States v. Brik*, 17-2617. Brik then sought relief under 28 U.S.C. § 2255, which the sentencing court denied. *Brik*, 15-cr-78, Dkt. 639. The Eighth Circuit denied a certificate of appealability. *Brik*, 15-cr-78, Dkt. 649. Brik filed a second § 2255 petition based on allegations substantially similar to those in his petition in this case. *Brik*, 15-cr-78, Dkt. 746. The sentencing court dismissed the petition for lack of jurisdiction because it was an unauthorized successive § 2255 petition. *Brik*, 15-cr-78, Dkt. 766. After that, in the Eighth Circuit, Brik filed at least four applications to file successive § 2255 petitions based on

allegations that that are substantially similar to those in his petition. The Eighth Circuit denied each application. *See Brik v. United States*, 23-1582; *Brik v. United States*, 22-3205; *Brik v. United States*, 22-2819; *Brik v. United States*, 22-2397.

Usually, a federal prisoner who wishes to collaterally attack his conviction or sentence must do so under § 2255 in the court that sentenced him. *Mangine v. Withers*, 39 F.4th 443, 447 (7th Cir. 2022); *see also* 28 U.S.C. § 2255(a) ("A prisoner . . . claiming [his federal] sentence was imposed [unlawfully], may move the court which imposed the sentence to vacate . . . the sentence."). When determining the character of a pro se filing, courts must look to its substance rather than its label. *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). If a § 2255 petition "is inadequate or ineffective to test the legality his detention," a district court may, in some cases, grant the petitioner relief under § 2241. *See* 28 U.S.C. § 2255(e); *Jones v. Hendrix*, 143 S. Ct. 1857, 1866–67 (2023).

Brik's petition attacks the legality of his conviction and sentence. Brik does not "challenge[] the legality of his *detention* without attacking the validity of his *sentence*," and the petition fails to present "unusual circumstances in which it is impossible or impracticable for [Brik] to seek relief from the sentencing court." *See Hendrix*, 143 S. Ct. at 1866–67 (emphasis in original). So I must treat Brik's purported § 2241 petition as a § 2255 petition. I cannot decide the petition because Brik must file it in the court that sentenced him.

I may transfer this action to that district to cure the lack of jurisdiction if the transfer "is in the interest of justice." *See* 28 U.S.C. § 1631. I will not do this because the petition is an unauthorized successive petition to vacate. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) ("The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive [petition]

under § 2255."); *see also* 28 U.S.C. § 2255(h) ("A . . . successive [petition] must be certified . . . by a panel of the appropriate court of appeals . . . .").

MOTION TO APPOINT COUNSEL

Brik requests the appointment of counsel. *See* Dkt. 3. I may appoint counsel for a § 2255 petitioner if "the interests of justice so require" and he is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). In evaluating what the interests of justice require, courts generally consider whether the petitioner can obtain justice without an attorney in light of his ability and the difficulty of the case and whether he would have had a reasonable chance of winning with a lawyer at his side. *See e.g., Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000).

Brik cannot meet this standard. I do not have jurisdiction to decide the petition. Appointing counsel would not change that. I will deny Brik's request for counsel.

CERTIFICATE OF APPEALABILITY

Because Brik seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Brik makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I am dismissing Brik's petition on procedural grounds, to obtain a certificate of appealability, he must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether [I] was correct in [my] procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Brik cannot show this, I will deny a certificate of appealability. Brik may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Vladimir Vladimirovich Brik's petition to vacate, Dkt. 1 and Dkt. 2, is DISMISSED for lack of jurisdiction.

2. Petitioner's motion for appointment of counsel, Dkt. 3, is DENIED.

3. Petitioner's emergency motion requesting the court to order the government to respond, Dkt. 4, is DENIED as moot.

4. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered September 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge